FRANCOIS DUCASSE, Appellant, *v.* WALTER C. LOUCHHEIM and Others, Copartners, Doing Business as LOUCHHEIM, MINTON & Co., Respondents.

Second Department, April 10, 1931.

*John H. Jackson* [*John Kirkland Clark* and *Francis G. Hoyt* with him on the brief], for the appellant.

*Charles Levy* [*Sol M. Stroock* and *Robert D. Steefel* with him on the brief], for the respondents.

PER CURIAM. Plaintiff's proof presented a question of fact as to whether or not a wrongful sale of the bonds in suit occurred on May 27, 1927. The evidence would permit a finding by a jury that there was a defect in the title of Rosenberg in negotiating the bonds, which defect cast upon the defendants the duty of proceeding to establish that they became holders in due course in good faith. (Neg. Inst. Law, §§ 98, 94 and 91; *Kittredge* v.

*Grannis*, 244 N. Y. 168.) The proof, so far as it revealed the details of any accounts carried by the defendants in the name of Rosenberg, discloses that the " D " account, which plaintiff insists contained his trades and his bonds, showed a credit balance; therefore, that proof disclosed no right on the part of the defendants to sell the bonds in suit upon the theory that Rosenberg's accounts were in such a state as to require or permit a sale of the bonds upon a notice, enforcing such a sale, to Rosenberg as the agent of Ducasse, disclosed or undisclosed, under *Small* v. *Housman* (208 N. Y. 115). There, the details of the transactions, established in evidence, showed that the right to sell the securities upon proper notice had arisen because of the debit balance in the account. Here, the evidence does not disclose the details upon which a jury might conclude that the other accounts carried in the name of Rosenberg contained debit balances. The declaration in defendants' letter to Rosenberg to that effect does not suffice in this particular.

A jury might infer that the manner in which the trading on behalf of Ducasse was carried on by Rosenberg with the defendants in a single account, the " D " account, and the bonds allocated to that account by Rosenberg in his dealings with the defendants, limited the use of the bonds to the needs of that account, and it, in the present state of the proof, showed a credit balance in favor of Rosenberg and, therefore, of Ducasse. The evidence does not reveal a debit in the other two accounts, that is, the " short sale " account and the Mrs. Ducasse account, to which Ducasse admitted the bonds were applicable. These facts might also be utilized by a jury in connection with a crediting of Rosenberg's testimony that before the bonds were sold he told the defendants that the bonds belonged to Ducasse and that he, Rosenberg, could not sell them. The acceptance of this latter oral testimony would bear upon the defendants' good faith and whether or not they were holders in due course in connection with their acting upon the written authorization of Rosenberg on May 16, 1927, to sell the bonds or subject them to the margin needs of other accounts carried by Rosenberg, with which plaintiff had no concern. (*Kittredge* v. *Grannis*, 244 N. Y. 168.)

The judgment should be reversed upon the law and a new trial granted, costs to abide the event.

LAZANSKY, P. J., KAPPER, CARSWELL, SCUDDER and DAVIS, JJ., concur.

Judgment reversed upon the law and a new trial granted, costs to abide the event.